IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

3RD TIME TRUCKING, LLC and
ERIC W. CUSTER,

      Plaintiffs,

      v.                       Civil Action No. 3:11-cv-68-JPB
                                  Judge Bailey

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, L. JAMES
NICHOLS, CPA/PFS, CLTC, JULIE
K. DEHAVEN, CPA, NICHOLS DEHAVEN
AND ASSOCIATES CPAs, PLLC,
GEORGE F. FISHER, KELLY MARGARET
PARSONS, H. LAWRENCE LOGAN, CLU,
ChFC, STEVEN W. DORMAN, CLU, ChFC,
ALEXANDRA P. WEST, MARIE
ANN CHIO, CPA & LUTCF, WEST FINANCIAL
GROUP, LLC, WEST FINANCIAL
GROUP PENSION SOLUTIONS, LLC, and
CAMICO MUTUAL INSURANCE COMPANY,

      Defendants.

## ORDER REMANDING CASE

Pending before this Court are Defendant Massachusetts Mutual Life Insurance Company's Motion to Transfer Venue (Doc. 5), plaintiffs' Motion to Abstain from Hearing Case and to Remand Case to Circuit Court for Jefferson County (Doc. 19), Camico Mutual Insurance Company's Motion to Bifurcate or, in the Alternative, to Sever (Doc. 31), and Defendant Massachusetts Mutual Life Insurance Company's Motion for Leave to File Sur-Reply Brief in further Opposition to Plaintiffs' Motion to Abstain and Remand (Doc. 34). The Motions have been fully briefed and are ripe for decision.

1

This action, filed February 24, 2011, in the Circuit Court of Jefferson County, West Virginia, seeks damages arising out of the marketing and sale of a pension plan to the plaintiffs. Count I of the Complaint alleges fraud in the inducement against Massachusetts Mutual Life Insurance Company ("MassMutual"), H. Lawrence Logan ("Logan"), George F. Fisher ("Fisher"), and L. James Nichols ("Nichols"). Count II alleges a violation of the West Virginia Unfair Trade Practices Act and constructive fraud, fraud and negligence against MassMutual, WFG, Alexandra P. West ("West"), Logan, Fisher, Kelly Margaret Parsons ("Parsons"), Nichols, Julie K. DeHaven ("DeHaven"), and Nichols DeHaven and Associates, CPAs, PLLC ("NDA"). Count III alleges negligence against NDA, Nichols, DeHaven, and Camico Mutual Insurance Company ("Camico"). Count IV alleges breach of fiduciary duty and constructive fraud against NDA, Nichols and DeHaven. Count V alleges negligent supervision against DeHaven. Count VI alleges unauthorized practice of law, constructive fraud and violations of the West Virginia Unfair Trade Practices Act against DeHaven, NDA, and Camico. Count VII alleges negligence, negligent supervision, fraud and constructive fraud against MassMutual, WFG, West and Chio. Count VIII alleges negligent retention against MassMutual, WFG, and West. Count IX alleges a violation of the West Virginia Unauthorized Insurers Act against MassMutual, WFG, NDA, West, Logan, Steven W. Dorman ("Dorman"), Fisher, Parsons, and Nichols. Count X seeks declaratory judgment.

On or about July 29, 2011, defendant West filed Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia. On August 16, 2011, defendant MassMutual removed the case to this Court under 28 U.S.C. §§ 1452(a) and 1334(b). On August 17, the plaintiffs, MassMutual and West, agreed to a consent order lifting the automatic stay and permitting the plaintiffs to proceed with this action, "provided that no

execution shall proceed with respect to any judgment against assets of the Debtor or Debtor's estate (other than insurance) without further order" of the Bankruptcy Court or termination of the stay by operation of law. The plaintiffs filed their motion to abstain and remand on August 25, 2011.

This Court finds it appropriate to address the issue of mandatory abstention prior to addressing the remaining motions.

"The United States Supreme Court has established that removal and remand principles apply in both bankruptcy and non-bankruptcy proceedings. ***Things Remembered, Inc. v. Petrarca****,* 516 U.S. 124, 128 (1995). 28 U.S.C. § 1441(a) provides that a party may remove any matter over which the district courts have original jurisdiction. However, the Fourth Circuit has clearly stated that removal statutes must be construed strictly against removal. ***Mulcahey v. Columbia Organic Chemicals Co., Inc****.,* 29 F.3d 148, 151 (4th Cir. 1994). The strict construction against removal is required because removal jurisdiction raises significant federalism concerns. The party seeking removal to federal court and opposing remand has the burden of establishing federal jurisdiction. This has been a long established principle. ***Wilson v. Republic Iron and Steel Co.****,* 257 U.S. 92 (1921). If federal jurisdiction is doubtful, remand is necessary. ***Mulcahey****,* 29 F.3d at 151, *citing,* **In re Business Men's Assur. Co. of America***,* 992 F.2d 181, 183 (8th Cir. 1993). In **Business Men's Assurance Company***,* a case cited by the Fourth Circuit's **Mulcahey** decision, the Eighth Circuit held that the district court was required to resolve all doubts in favor of remand. ***In re Business Men's Assur. Co. of America****,* 992 F.2d at 182 (8th Cir. 1993), *citing,* ***Steel Valley Auth. v. Union Switch and Signal Div.****,* 809 F.2d

3

1006, 1010 (3rd Cir. 1987), *cert dismissed* 484 U.S. 1021 (1988)." **Wise v. Travelers Indem. Co.**, 192 F.Supp.2d 506, 510 (N.D. W.Va. 2002) (Broadwater, J.)

> 28 U.S.C. § 1334(c)(2) provides the basis for mandatory abstention and provides: Upon timely motion of a party in a proceeding based upon a state law claim or state law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action cannot have commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

"'In other words, a district court must abstain from hearing a non-core, related matter if the action can be timely adjudicated in state court.' **Howe v. Vaughan**, 913 F.2d 1138, 1142 (5th Cir. 1990). Courts and commentators have derived five basic factors from the mandatory abstention statute to be employed by district courts in deciding whether or not to abstain from hearing the claims of a particular case, including whether: (1) a timely motion to abstain has been made; (2) the proceeding is based upon a state law cause of action; (3) the proceeding is related to a Title 11 case but is not a core proceeding; (4) the action could not have been commenced in federal court absent jurisdiction under § 1334; and (5) an action is commenced, and can be timely adjudicated, in state court with proper jurisdiction. See **In re Midgard Corp. v. Kennedy,** 204 B.R. 764, 776–79 (10th Cir. BAP 1997); *see also* **Business and Commercial Litigation in Federal Courts,** § 45.5 (Robert

L. Haig Ed., 1998)." ***Wheeling-Pittsburgh Corp. v. Am. Ins. Co.***, 267 B.R. 535, 538 (N.D. W.Va. 2001) (Stamp, J.); ***Cline v. Quicken Loans, Inc.***, 2011 WL 2633085, *2 (N.D. W.Va. July 5, 2011) (Stamp, J.).

The defendants concede that this case satisfies the first, second, and fourth factors, but deny that the third and fifth factors are met. This Court will address each factor in turn.

"The first factor contained in § 1334(c)(2) requires that the movant party make a timely motion requesting the court to abstain. *See* 28 U.S.C. § 1334(c)(2); *see also* ***Midgard***, 204 B.R. at 776. 'Courts have generally adopted a flexible, case-specific approach in determining whether a motion for mandatory abstention is "timely."' ***Channel Bell Assocs. v. W.R. Grace & Co.***, 1992 WL 232085 (S.D. N.Y. August 31,1992)." ***Wheeling-Pittsburgh***, at 538; ***Quicken Loans***, at *4. In this case, the action was removed to this Court on August 16, 2011. On August 25, 2011, plaintiffs filed their motion asking this Court abstain from hearing the claim and remand the case to the Circuit Court of Jefferson County. The Court finds that such motion was timely, thus satisfying the first factor of the mandatory abstention statute.

Title 28, United States Code, Section 1334(c)(2) next provides that, in order for mandatory abstention to apply, the proceeding must be one based upon a state law claim or state law cause of action. The parties do not dispute that plaintiffs' claims are based solely upon state law. None of the claims are based on federal law. Furthermore, defendants do not argue that federal law is implicated in the underlying suit. Accordingly, the second factor of the mandatory abstention statute is met.

"Application of § 1334(c)(2) next requires that the proceeding be related to a Title

5

11 case but not arising under Title 11 or arising in a case under Title 11. In *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50 (1982), the United States Supreme Court struck down portions of the Bankruptcy Act of 1978 as violative of Article III of the Constitution. Following *Northern Pipeline*, Congress amended the Bankruptcy Act of 1978 and made the bankruptcy courts adjuncts of Article III courts when adjudicating state law matters. *See **Bankruptcy Amendments and Federal Judgeship Act of 1984**,* Pub.L. No. 98–353, 98 Stat. 333, 28 U.S.C. § 152. The 1984 Act drew a distinction between core and non-core bankruptcy proceedings. 'Core matters are those that would fit within the Bankruptcy Court's summary jurisdiction prior to 1978; that is, core matters are those involving the bankrupt's property or assets within the jurisdiction of the Bankruptcy Court. Bankruptcy Courts may "hear and decide" these core proceedings.' Erwin Chemerinsky *Federal Jurisdiction* § 4.5.3 (5th ed. 2007)." *Quicken Loans*, at *4.

"It is first noted that civil proceedings arising under Title 11 include those created by Title 11 such as a claim for exemptions under § 522 or the exercise by the trustee of an avoiding power under § 544(b). 1 *Collier on Bankruptcy* ¶ 3.01(4)(b)(i) (15th ed. 2003). Those arising in a case under Title 11 include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate. *Id.* at ¶ 3.01(4)(b)(iv)." *Barge v. Western Southern Life Ins. Co.*, 307 B.R. 541, 544 (S.D. W.Va. 2004).

"Proceedings arising under Title 11 or arising in a case under Title 11 fall generally into the category known as core proceedings under 28 U.S.C. § 157(b)(2). As stated by Judge Wisdom in *Wood v. Wood,* 825 F.2d 90, 97 (5th Cir. 1987), 'a proceeding is core

6

under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.' On the other hand, proceedings that are merely related to a bankruptcy case are generally considered to be non-core. The distinction between core and non-core is found in the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984). Its purpose is to direct nearly all, though not all, core proceedings to an Article I bankruptcy judge, while related proceedings in the federal system are committed to an Article III judge. The 1984 amendments were enacted by Congress in the wake of ***Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,*** 458 U.S. 50 (1982). ***Marathon*** involved a state law breach of contract action filed in bankruptcy court by a debtor in possession on a pre-bankruptcy petition claim. The Court held that the provision of the Bankruptcy Act of 1978 vesting that matter in an Article I bankruptcy judge was an unconstitutional effort by Congress to create an adjunct to an Article III court. ***Id.*** " ***Id.***

In ***Barge***, the claims asserted were pre-bankruptcy petition, state law claims for, *inter alia,* fraud, negligent misrepresentation, negligent failure to train, violations of the West Virginia Unfair Trade Practices Act, W. Va. Code §§ 33–11–1, *et seq.,* and breach of the duty of good faith and fair dealing, arising out of the sale of "vanishing premium" life insurance policies. Judge Copenhaver, an expert in bankruptcy law, found that "[t]he defendants' effort to sweep the ***Barge*** cases into the core catch-all subcategories of 28 U.S.C. § 157(b)(2)(A) ('matters concerning the administration of the estate') and (O) ('other proceedings affecting the liquidation of the assets of the estate') is unavailing. Such a broad interpretation would expand the core category beyond the limits contemplated by the

7

1984 Act and ignore the teaching of **Marathon**." *Id.* at 544-45.

The claims pending in this case are remarkably similar to the claims in **Barge**. The defendants in this case, however, contend that **Barge** is distinguishable because this case involves issues of non-dischargeability. This Court cannot agree. The **Barge** case similarly involved allegations of actual fraud. While it is true that the fraudulent conduct may lead to a finding of dischargeability by the bankruptcy case, the issue of dischargeability is not present in this case. A contrary finding would make any case in which there was a fraud allegation a core proceeding - an expansion of core proceedings to a degree which would clearly run afoul of **Marathon**.

The next factor under § 1334(c)(2) is that the action could not have been commenced in federal court absent jurisdiction under § 1334. As discussed above, the plaintiffs have asserted no claims arising under federal law. The only other avenue for jurisdiction is found in diversity of citizenship pursuant to § 1332. The plaintiffs and defendants Nichols, Fisher, Parsons, and DeHaven are West Virginia residents and defendant NDA is a West Virginia professional limited liability company. Therefore, this Court finds that this action could not have been commenced in federal court absent jurisdiction under § 1334, and thus the fourth factor under § 1334(c)(2) has been met.

Finally, § 1334(c)(2) directs a court to determine whether the proceedings can be resolved in a timely fashion before the state court. The defendants argue that the plaintiffs have not met their burden on this requirement. While the defendants have offered statistical evidence as to how quickly cases may be resolved in the Eastern District of Virginia, no evidence has been presented showing the state court's docket is

8

unmanageable or that the state court will not determine matters in a timely fashion. In fact, the state court had entered an order prior to removal setting the trial of this case for March 6, 2012. This Court finds that the fifth and final condition for mandatory remand under § 1334(c)(2) has been met, and this Court finds it must abstain from exercising its jurisdiction under § 1334.

For the reasons stated above:

1. Defendant Massachusetts Mutual Life Insurance Company's Motion to Transfer Venue (Doc. 5) is **DENIED**;

2. Plaintiffs' Motion to Abstain from Hearing Case and to Remand Case to Circuit Court for Jefferson County (Doc. 19) is **GRANTED**, and this case is hereby **REMANDED** to the Circuit Court of Jefferson County, West Virginia;

3. Camico Mutual Insurance Company's Motion to Bifurcate or, in the Alternative, to Sever (Doc. 31) is **DENIED WITHOUT PREJUDICE**; and

4. Defendant Massachusetts Mutual Life Insurance Company's Motion for Leave to File Sur-Reply Brief in further Opposition to Plaintiffs' Motion to Abstain and Remand (Doc. 34) is **GRANTED**, this Court having reviewed and considered the same.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to the Circuit Clerk of Jefferson County, West Virginia.

**DATED:** September 26, 2011.

*[signature]*
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE